# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THE NATIONAL FEDERATION OF THE BLIND, THE NATIONAL FEDERATION OF THE BLIND OF FLORIDA, KATHERYN DAVIS, JOHN DAVID TOWNSEND, CHAD BUCKINS, PETER CERULLO, AND RYAN MANN,,**

      **Plaintiffs,**

**-vs-**                                                                 Case No.  **6:05-cv-997-Orl-28DAB**

**VOLUSIA COUNTY, ANN McFALL, as Supervisor of Elections of Volusia County,,**

      **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT ANN MCFALL'S EMERGENCY MOTION FOR DECLARATORY RELIEF IN SEEKING INDEPENDENT LEGAL REPRESENTATION (Doc. No. 15)**
>
> **FILED:** **July 13, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.** It is further **ORDERED** that Doc. Nos. 24, 25, 26 are **STRICKEN.**

Plaintiffs seek injunctive and declaratory relief against Volusia County and the Supervisor of Elections, Ann McFall, for failing to provide voting machines that are accessible to blind people, allegedly in violation of the Americans with Disabilities Act, the Rehabilitation Act, and Florida

Statute Section 101.56062. It is undisputed that McFall is being sued in her official capacity as Supervisor of Elections for Volusia County. Doc. No. 1, Complaint ¶ 17; Doc. No. 15 ¶ 1. On July 7, 2005, County Attorney Dan Eckert declared that a conflict of interest prevented him or his office from undertaking the representation of Volusia County in this matter and his recommendation to hire special attorney, David V. Kornreich, Esquire, to represent Volusia County, was approved by the Council. A written request to County Attorney Eckert to hire an independent attorney to represent McFall was refused. County Attorney Eckert has instead indicated her attorney in this matter will also be Mr. Kornreich.

McFall now seeks a declaration from this Court that she is entitled to obtain independent counsel of her choice to represent her in the case because her interests are adverse to Volusia County's. Defendant Volusia County[1] opposes Non-party Ann McFall's motion for a declaration that she is entitled to independent legal representation. The Emergency Motion is not signed and could be denied on that basis alone. However, because the motion is of an "emergency" nature and certain to be refiled, the Court will address the merits.

### *MCFALL IS SUED IN HER OFFICIAL CAPACITY*

At the heart of McFall's Emergency Motion is some confusion of the capacity in which she is being sued. As the Supreme Court noted in *Kentucky v. Graham*:

> Proper application of this principle in damages actions against public officials requires careful adherence to the distinction between personal- and official-capacity action suits. Because this distinction apparently continues to confuse lawyers and confound lower courts, we attempt to define it more clearly through concrete examples of the practical and doctrinal differences between personal and official capacity actions. Personal-capacity [or individual capacity] suits seek to impose personal liability upon

---

[1] The Memorandum in Opposition also represents the interests of "Supervisor of Elections of Volusia County, Ann McFall, in her official capacity." Doc. No. 16.

> a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

473 U.S. 159, 165-167 (1985).

When it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed. *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985); *Jackson v. Georgia Dept. of Transp.,* 16 F.3d 1573, 1575 (11th Cir. 1994). In this case, it is quite clear that McFall is not being sued in her individual or personal capacity. Plaintiffs specifically contend that "Defendant McFall is sued in her official capacity only." Doc. No. 1 ¶ 17.      Because McFall is sued in her official capacity, and Volusia County operates under a Home Rule Charter, the Charter makes Volusia County the true defendant and McFall has no separate interest to defend. *See* Ch. 70-966, Laws of Florida (Sp. Acts), Art. I, § 101. The Home Rule Charter abolished the constitutional office of the Supervisor of Elections, and the powers and duties formerly held by the constitutional office of Supervisor of Elections were transferred to the Department of Elections, which is a department of the County of Volusia. *See* Ch. 70-966, Laws of Florida (Sp. Acts), Art. VI, § 601.1(4); *see also* Fla. AGO 2002-29, 2002 WL 598893, *2 (Fla. A.G. Apr. 16, 2002) (recognizing that Volusia County operates under a charter that abolished the office of supervisor of elections and transferred all of its duties and functions to the department of elections).

> The Home Rule Charter provides that:

> In any legal action by or against the county, its departments, or officers or employees of their office or employment for the county, *the county as a corporate body shall be the party named and shall appear and participate in the cause on behalf of the department, officer or employee in such cause.* Wherever the tax collector, tax assessor, supervisor of elections, board of county commissioners or sheriff may or shall be parties to any legal action, *the county shall be substituted as such defendant*.

Ch. 70-966, Laws of Florida (Sp. Acts), Art. XIII, § 1306 (emphasis added). Therefore, under the Home Rule Charter, because the claims against McFall are made against her in her official or executive capacity, Volusia County is the true defendant and any appearance by McFall in her individual capacity is as a non-party to the litigation.

### *LACK OF JURISDICTION TO DECIDE IF MCFALL'S INTEREST ARE ADVERSE TO THE COUNTY'S*

McFall, in her individual capacity, seeks a declaration from this Court that she is entitled to separate legal representation. She does not dispute that "Volusia County's charter and code provide that the County's legal department is charged with representing the elected department heads including the Supervisor of Elections." Doc. No. 15 at 2, citing Section 601.2, Volusia County Charter and Section 2-146, Volusia County Code.

While McFall acknowledges that the section of the Home Rule Charter substituting Volusia County applies in this case, she contends that it conflicts with Fla. Stat. § 86.061, which requires that all those who will be affected by declaratory relief be made parties to a suit for declaratory relief. McFall (in her individual capacity) contends that she will be prejudiced if she is not a party to the proceedings because her interests are adverse to the County's. However, McFall's Emergency Motion does not set forth how she will be prejudiced if she does not have independent legal counsel. She also does not set forth how her interests in her official capacity are "competing and adverse" to the County's interests. Moreover, McFall points to no jurisdictional basis for this Court to decide such

-4-

an issue between the County and its Supervisor of Elections, which has nothing whatsoever to do with the disability claims brought by the blind Plaintiffs, but rather is a matter to be decided under state law on the application of home rule charters to county officials.

Despite filing her Emergency Motion literally hours before the Defendants' response to Plaintiffs' Motion for Preliminary Injunction was due – and consequently not receiving a ruling before the 4:00 p.m. deadline for the Response – McFall erroneously chose to file separate briefing in response to Plaintiffs' Motion for Preliminary Injunction. As a non-party, McFall has no standing to file such briefing and it shall be stricken. The Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction (Doc. No. 20) and supporting documents will be the only briefing considered by the Court.

**DONE** and **ORDERED** in Orlando, Florida on July 14, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record