UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE NATIONAL FEDERATION OF THE
BLIND, THE NATIONAL FEDERATION
OF THE BLIND OF FLORIDA,
KATHERYN DAVIS, JOHN DAVID
TOWNSEND, CHAD BUCKINS, PETER
CERULLO, AND RYAN MANN,

                    **Plaintiffs,**

-vs-                                                    Case No.  6:05-cv-997-Orl-28DAB

VOLUSIA COUNTY, ANN McFALL, as
Supervisor of Elections of Volusia
County,

                    **Defendants.**

_____

## ORDER

This cause is before the Court on the motion for preliminary injunction (Doc. 7) filed

by Plaintiffs the National Federation of the Blind, the National Federation of the Blind of

Florida, Katheryn Davis, John David Townsend, Chad Buckins, Peter Cerullo, and Ryan

Mann.  Plaintiffs claim that, under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §

12101 et seq., and Florida's Electronic Voting Systems Act ("EVSA"), Fla. Stat. § 101.5601

et seq. (2005),[1] Defendant Volusia County ("the County") is required to provide voting

machines which enable blind persons to vote secretly and independently.  Accordingly,

Plaintiffs seek an injunction which would require the County to provide voting machines

_____

[1] During oral argument on their motion, Plaintiffs abandoned their argument that the
federal Rehabilitation Act, 29 U.S.C. § 794, entitled them to relief.

before the next election, which is due to be held on October 11, 2005. For the reasons contained in this Order, Plaintiffs' motion for preliminary injunction must be denied.

## I. BACKGROUND

After the 2000 presidential election Congress enacted the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15301 et seq., which provides federal assistance to states "for activities to improve administration of elections." In keeping with a growing consciousness and concern for providing access to the disabled, HAVA includes a provision requiring that state voting systems "be accessible for individuals with disabilities, including nonvisual accessibility for the blind and visually impaired, in a manner that provides the same opportunity for access and participation (including privacy and independence) as for other voters." 42 U.S.C. § 15481(a)(3)(A).

In order to comply with HAVA and, therefore, receive federal grant money available under HAVA, the Florida Legislature enacted the EVSA, which "authorize[s] the use of electronic and electromechanical voting systems in which votes are registered electronically or are tabulated on automatic tabulating equipment or data processing equipment." Fla. Stat. § 101.5602. Under the EVSA, electronic voting systems must be certified by the Florida Department of State. Fla. Stat. § 101.56062. Certification depends on a number of criteria, including the accessibility of the systems to persons with disabilities. Id.

The state has already allocated funds to counties for the purchase of electronic voting systems. Of these funds, the County has received $699,884. The state's HAVA plan stipulates that any county receiving HAVA funds, which is not compliance with HAVA's

-2-

accessibility requirements by January 1, 2006, shall be required to return those funds to the state. State of Florida HAVA Plan, Doc. 20, Ex. 1, at 7.

There are currently six electronic voting systems which have been certified pursuant to the requirements of the EVSA. Decl. of Paul Craft, Doc. 24, Ex. 1 ¶ 8. However, because none of the certified systems create a verifiable paper trail (a feature which has proved valuable in at least one of Florida's past elections), the County has refrained thus far from implementing an electronic voting system. While the County has identified a system which it intends to purchase and implement in the event that it is certified, there is no indication as to when, if ever, the system will, in fact, be certified.

## II. ANALYSIS OF PLAINTIFFS' MOTION

A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). For relief to issue, all four of these prongs must be satisfied. As set forth below, analysis of Plaintiffs' motion begins and ends with the first prong.

### A. Plaintiffs' ADA Claim

Plaintiffs' ADA claim relies heavily on the reasoning contained in American Ass'n of People with Disabilities v. Hood, 310 F. Supp. 2d 1226 (M.D. Fla. 2004). In that case, the court determined that "voting equipment plainly falls within the expansive definition of 'facility' contained in the regulations" promulgated under the ADA, id. at 1235 (citing 28

C.F.R. § 35.104), and further concluded that the defendant, Duval County, had violated the "generic" discrimination prohibition of 42 U.S.C. § 12132, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." Id. at 1239-40. The court's conclusion rested on the burdens which Duval County's voting system placed on disabled voters–namely, that disabled voters were forced to rely on third-party assistance, thereby causing delays in their voting and requiring that they disclose their votes to those assisting them. Id. at 1235-39.

In this case, the County argues that the Hood court's order should not weigh in favor of a finding that Plaintiffs are likely to prevail on the merits. The County emphasizes that the order has been stayed pending appeal and that there is no precedential support for the court's conclusion that requiring disabled voters to rely on the assistance of others constitutes a violation of the ADA.

Indeed, at least two other courts have reached results contrary to the decision of the Hood court. In Nelson v. Miller, the Sixth Circuit faced claims that third-party assistance to blind voters violated the Rehabilitation Act ("RA"), the ADA, and Michigan's constitutionally mandated "secret voting program." 170 F.3d 641, 649-50 (6th Cir. 1999). As an initial matter, the court determined that resolution of the plaintiffs' ADA and RA claims rested entirely on whether Michigan's constitutional mandate had been violated. Id. Thus, upon finding that Michigan law had not been violated, the court necessarily determined that neither the ADA nor the RA could have been violated. Id. at 653. In effect, the Sixth Circuit

-4-

concluded that there was no requirement to absolute secrecy and independence in voting under either state or federal law. Likewise, in <u>American Ass'n of People with Disabilities v. Shelley</u>, the court determined that "[n]othing in the [ADA] or its regulations reflects an intention on the part of Congress to require secret, independent voting." 324 F. Supp. 2d 1120, 1126 (C.D. Cal. 2004). Against the background of these cases and the tentativeness of the court's decision in <u>Hood</u>, this Court cannot conclude that the state of the law is such that there is a substantial likelihood that Plaintiffs will prevail in their action under the ADA.

### B. Plaintiffs' EVSA Claim

Plaintiffs contend that the EVSA is their strongest basis for injunctive relief. However, a plain reading of the EVSA reveals that, quite apart from imposing an obligation on counties to purchase electronic voting systems by a date certain, the act merely "*authorize[s]* the use of electronic . . . voting systems," Florida Statutes § 101.5602 (emphasis added) (stating the purpose of the EVSA), and provides criteria for certifying such systems *in the event that they are purchased*. <u>See</u> Fla. Stat. § 101.56062. Thus, where as here, there has been no purchase of an electronic voting system, the EVSA simply has no bearing.

The Court must assume that, if the Florida legislature had intended to place a legal obligation on counties to purchase electronic voting systems, it would have clearly expressed as much in the language of the EVSA. It did not do so. As such, the EVSA cannot form the basis for injunctive relief in this case.[2]

---

[2] Presumably, if the County does not spend the money it has received from the state in such a way that its voting system conforms with the EVSA and HAVA, this would not be without consequence. As previously noted, the state's HAVA Plan provides for the return of funds if HAVA's accessibility requirements are not met.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary injunction (Doc. 7) is

**DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___2 1___ day of July, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party